IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>   *Plaintiff,*<br><br>v.<br><br>4.318 ACRES OF LAND, MORE OR LESS, SITUATE IN HIDALGO COUNTY, STATE OF TEXAS, JOSE ARNOLDO AGUILAR, *et al.*,<br>   *Defendants*. | § § § § § § § § § § §  CIVIL ACTION NO. 7:20-cv-00388 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FRCP 26(f)**

**1. State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), Baltazar Salazar, Assistant United States Attorney on behalf of the United States of America ("Plaintiff"), conferred via telephone on April 12-14, 2021 with Vilma Judith Aguilar, attorney-in-fact for Landowner Defendant Jose Arnoldo Aguilar ("Defendant Aguilar"); Zev Kusin, counsel for Defendant Hidalgo County Irrigation District No. 2 ("Defendant HCID2"); Eden Ramirez, counsel for Defendant Military Highway Water Supply Corporation ("Defendant MHWSC"); and Lori Gruver, counsel for Defendant Pablo "Paul" Villarreal, Jr., Hidalgo County Tax Assessor-Collector and Claimants Hidalgo County, Texas, Hidalgo County Drainage District No. 1, Valley View Independent School District, South Texas Independent School District, and South Texas College ("Taxing Authorities").

To resolve the issue of title in this case, <u>the parties request the Court schedule a title hearing, with a briefing schedule for the parties, 45-60 days from the scheduled April 27, 2021 Initial Pretrial and Scheduling Conference.</u>

**2. State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.**

Plaintiff will provide initial disclosures pursuant to Rule 26(a)(1)(A) by April 30, 2021. Defendant HCID2 will do the same. Plaintiff will provide disclosures based on its infrastructure plan in place prior to the January 20, 2021 Executive Proclamation.

**3. List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

Plaintiff is condemning other property owned by Defendant HCID2 in case number 7:20-cv-00239 pending before this Court for the same infrastructure purposes.

**4.** **Briefly** **describe what this case is about.**

This is a civil action brought by the United States under the power of eminent domain through a Declaration of Taking at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for the taking of property for purposes of constructing, installing, operating, and maintaining roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures to help secure the United States/Mexico border within the State of Texas; and for the determination and award of just compensation to the owners and parties in interest, in accordance with 40 U.S.C. 3113 and 3114, which Plaintiff contends authorizes the condemnation of land and the filing of a Declaration of Taking; the Act of Congress approved September 30, 1996, as Public Law 104-208, Division C, Section 102, 110 Stat. 3009-546, 3009-554-55, as amended and codified at 8 U.S.C. § 1103(b) & note; and the Act of Congress approved February 15, 2019, as Public Law 116-6, div. A, tit. II, Section 230, 133 Stat. 13, which appropriated the funds that shall be used for the taking.

**5.** **Specify the allegation of federal jurisdiction.**

Plaintiff alleges the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1358.

**6.** **Name the parties who disagree with the jurisdictional allegations and state their reasons.**

The parties agree with Plaintiff's jurisdictional allegations.

**7.** **List anticipated additional parties that should be included, when they can be added, and by which parties desires their inclusion.**

None.

**8.** **List anticipated interventions.**

None.

**9.** **Describe any class-action issues.**

None.

**10.** **Describe the discovery plan proposed by the parties, including:**

    A. **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a)?**

    None, other than as provided in response to question 2.

    B. **When and to whom the plaintiff anticipates it may send interrogatories?**

    Upon the Court's determination of title ownership in this case, and should plans for use

of the property continue as stated in Schedule B of the Declaration of Taking, Plaintiff anticipates sending interrogatories to the Landowner Defendant(s) after the entry of this Court's Scheduling Order.

**C.     When and to whom the defendant anticipates it may send interrogatories?**

Defendant Aguilar and Taxing Authorities do not anticipate sending interrogatories in this case. Defendant HCID2 may send interrogatories to Plaintiff. It may also send interrogatories to Defendant Aguilar as part of the title dispute.

**D.     Of whom and by when the plaintiff anticipates taking oral depositions?**

Upon the Court's determination of title ownership in this case, Plaintiff anticipates taking oral depositions of the fact witnesses and other relevant witnesses of the Landowner Defendant(s) prior to the end of the discovery period, assuming no delays in written discovery and subpoenas, if any.

**E.     Of whom and by when the defendant anticipates taking oral depositions?**

Defendant Aguilar and Taxing Authorities do not anticipate taking oral depositions in this case. Defendant HCID2 may take the oral deposition of Plaintiff's fact and expert witnesses.

**F.     When will the plaintiff (or the party with the burden of proof on an issue) be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when will the opposing party be able to designate responsive experts and provide their reports?**

Landowner Defendant(s) have the burden of proof regarding the issue of just compensation in this action. Landowner Defendant Aguilar does not anticipate designating experts or providing expert reports in this action. Upon the Court's determination of title ownership in this case and should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, Plaintiff would agree, subject to the Court's approval, to designate experts within 180 days of the scheduling order in this case. Plaintiff would additionally request that the Court set an additional deadline in its Scheduling Order for rebuttal experts.

**G.     List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

Defendant HCID2 anticipates taking the deposition of Plaintiff's appraiser by the end of the discovery period as set out by the Court in its Scheduling Order. Defendant HCID2 will also want to depose any other experts Plaintiff may choose to designate. Landowner Defendant Aguilar does not anticipate taking expert depositions.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report)?**

Landowner Defendant(s) have the burden of proof regarding the issue of just compensation in this action. Upon the Court's determination of title ownership in this case, Plaintiff anticipates deposing any experts designated by the Landowner Defendant(s) by the end of the discovery period as set out by the Court in its Scheduling Order.

      I.      **All other matters raised in Rule 26(f).**

a. Landowner Defendant Aguilar contends that he is the sole fee owner of Tract RGV-WSL-1014, the land taken in this action, and has requested to move forward with settlement of the issue of just compensation in this action. Defendant Aguilar has provided that even if determined that Tract RGV-WSL-1014 is no longer needed for purpose taken after completion of the plan for redirection of funds, Defendant Aguilar will not stipulate to revestment of title. Landowner Aguilar acknowledges that a lien for ad valorem taxes owed encumbers the land taken, and he agrees that the full amount of just compensation paid to him in this action will be paid toward taxes owed after the resolution of the issue of title and ownership in this action.

b. Defendant HCID2 has provided Plaintiff with a deed and plat to support its contention the HCID2 owns a segment of Tract RGV-WSL-1014 in fee. The parties are in the process of reviewing the title documents provided by HCID2 and will attempt to resolve the issue of title and ownership prior to the requested title hearing. Defendant HCID2 has requested that Plaintiff stipulate to revestment if it is determined (after completion of plan for redirection of funds) that Tract RGV-WSL-1014 is no longer needed for the purpose stated in Schedule B of the Declaration of Taking.

c. Defendant MHWSC owned a right-of-way interest in the land taken and intends to disclaim any claim in just compensation upon its board of directors confirming that Defendant MHWSC did not own a compensable interest in the Tract RGV-WSL-1014. If determined that MHWSC owned a compensable interest in Tract RGV-WSL-1014, it will provide title documents to the parties in attempt to resolve the issue of title and ownership prior to the requested title hearing.

d. The Taxing Authorities have provided Plaintiff with tax statements of the parent parcel of the Tract RGV-WSL-1014, and has established their interest in just compensation for the taking of the Subject Tract. Ad valorem taxes owed on the Subject Tract will be reduced from just compensation paid according to Landowner Defendant Aguilar's ownership interest in Tract RGV-WSL-1014 after the resolution of the issue of title and ownership in this action.

**11.   If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties agree to the discovery plan.

**12.   Specify the discovery beyond initial disclosures that has been undertaken to date.**

The parties have yet to exchange initial disclosures. The Taxing Authorities have provided Plaintiff a tax statement of ad valorem taxes owed on the subject property prior to the date of taking in this action. Plaintiff and Defendant Aguilar have entered into an Agreement for Possession as to Tract RGV-WSL-1014. Defendant HCID2 has provided Plaintiff with a deed and plat to support its contention the HCID2 owns a segment of Tract RGV-WSL-1014 in fee. Plaintiff has provided Defendant MHWSC title documents that provide that MHWSC owned a perpetual right-of-way easement in Tract RGV-WSL-1014.

**13.   State the date the planned discovery can reasonably be completed.**

Upon the Court's determination of title ownership, Plaintiff anticipates that discovery can be reasonably completed within 9 months after the entry of the Court's Scheduling Order.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Defendants Aguilar and HCID2 both contend that they own all, or a portion of the land condemned in this action and will attempt to resolve the issue of title and ownership before the title hearing requested by the parties. Defendant MHWSC intends to disclaim any claim in just compensation upon its board of directors confirming that Defendant MHWSC did not own a compensable interest in the Tract RGV-WSL-1014. If determined that MHWSC owned a compensable interest in Tract RGV-WSL-1014, it will provide title documents to the parties in attempt to resolve the issue of title and ownership prior to the requested title hearing.

Landowner Aguilar has said he intends to move forward with action and with settlement of the issue of just compensation. He has provided that even if determined that Tract RGV-WSL-1014 is no longer needed for the purpose taken after completion of the plan for redirection of funds, Defendant Aguilar will not stipulate to revestment of title. Landowner Aguilar acknowledged that a lien for ad valorem taxes owed encumbers the land taken, and agrees to the full amount of just compensation to be paid in this action to being paid toward taxes owed after the resolution of the issue of title and ownership in this action.

Defendant Aguilar has indicated that he will not contest just compensation and will agree to the amount on deposit as just compensation and further agrees that the full payment of just compensation will go towards ad valorem taxes owed on the subject property upon the entry of judgment in this action. The Taxing Authorities provided a tax statement to Plaintiff of ad valorem taxes owed on the subject property prior to the date of taking, and agrees to payment from the just compensation to paid in this case to hold Plaintiff harmless of any existing claims for ad valorem taxes owed, or claims that may arise against the property taken in this case.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

Prior to filing suit, between July 2020 and November 2020, the United States Army Corps of Engineers (USACE) and/or the Department of Justice (DOJ), on behalf of United States Customs and Border Protection (CBP), participated in discussions with Defendant Aguilar regarding the offer to sell for Tract RGV-WSL-1014, the Subject Tract in this action.

During this period, DOJ, CBP, IBWC, and HCID2 attempted negotiate a maintenance memorandum of agreement (MOA) regarding the right to access property south of the acquisition area; the MOA would address HCID2's access to the canal it owns within Tract RGV-WSL-1014. The MOA would allow HCID2 to continue its operations during and after acquisition; and define HCID2's rights and responsibilities with respect to accessing (1) the acquisition area to access property between the canal and acquisition area, (2) the acquisition area, and (3) property owned by HCID2 south of the acquisition area (riverside).

Due to the need to move forward with construction prior to the resolution of title issues and completion of a plan addressing HCID2's access to and from, and across Tract RGV-WSL-1014, condemnation was needed and sought in November 2020.

On January 20, 2021, President Biden issued an Executive Order pausing the Border Wall project for 60 days to assess funding sources and other issues. Plaintiff continues to await guidance on whether it will be allowed to proceed with use of the Subject Tract as stated in Schedule B of the Declaration of Taking. Landowner Defendant Aguilar, however, has provided that he does not intend to stipulate to revestment if the subject property if the United States determines to no longer use the subject property for purposes stated in Schedule B; while HCID2, who contends that it owns a fee interest in the subject tract on the date of taking, has requested that Plaintiff stipulate to revestment to the land owned by HCID2 if determined that Plaintiff has no use for the land after the completion of the plan for redirection funds. Because the issue of title and ownership remains unresolved in this action, **the parties request the Court schedule a title hearing, with a briefing schedule for the parties, 45-60 days from the scheduled April 27, 2021 Initial Pretrial and Scheduling Conference.**

**16.    From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties are amenable to formal and informal dispute resolution alternatives. Formal dispute resolution would be effective at the end of the discovery period.

**17.    Magistrate judges may now hear jury and non−jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do not agree to case being tried before a magistrate judge.

**18.    State whether a jury demand has been made and if it was made on time.**

The parties made no jury demand.

**19.    Specify the number of hours it will take to present the evidence in this case.**

The parties agree that evidence in this case could be presented in 16 hours or less.

**20.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None at this time.

**21.    List other motions pending.**

None.

**22.    Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

Subject Tract presents title issues that will need to be resolved prior to a hearing on just compensation. Accordingly, Plaintiff requests the Court schedule a title hearing, with briefing schedule for the parties, 45-60 days from the date of the scheduled April 27, 2021 Initial Pretrial and Scheduling Conference.

It is possible that rebuttal experts may be needed in this matter. Upon the Court's determination of title ownership in this case and should plans for use of the property continue as stated in Schedule B of the Declaration of Taking, Plaintiff requests that the Court set a rebuttal expert deadline for forty-five (45) days after the date of the expert report exchange between the parties.

**23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for the original and any amendments.**

Plaintiff filed a Disclosure of Interested Parties with the Court on December 15, 2020.[1]

Plaintiff filed a Disclosure of Interested Parties with the Court on January 6, 2021.[2]

Defendant HCID2 filed a Disclosure of Interested Parties with the Court on April 15, 2021.[3]

**24. List the names, bar numbers, addresses, and telephone numbers of all counsel.**

**COUNSEL FOR PLAINTIFF:**

**BALTAZAR SALAZAR**
Assistant United States Attorney
S.D. Tex. ID No. 3135288
Texas Bar No. 24106385
600 E. Harrison Street, Suite 201
Brownsville, TX 78520
Telephone: (956) 983-6057
Facsimile: (956) 548-2775
E-mail: Baltazar.Salazar@usdoj.gov
Attorney-in-Charge for Plaintiff

**COUNSEL FOR DEFENDANTS/CLAIMANTS:**

**ZEV KUSIN**
Attorney-in-Charge
Texas Bar No. 24070096
Southern District Id. No. 1636769
zkusin@mehlaw.com
**LUKE ELLIS**
Texas Bar No. 24038878
Southern District Id. No. 612594
lellis@mehlaw.com
MARRS ELLIS & HODGE LLP
805 West 10th Street, Suite 400

---

[1] Dkt. No. 5.
[2] Dkt. No. 8.
[3] Dkt. No. 18.

Austin, Texas 78701
512-215-4078
512-628-7169 fax
**Attorneys for Defendant Hidalgo County**
**Irrigation District No. 2**

**DAVID JAY CAMPBELL**
Attorney-in-Charge
Texas Bar No. 24057033
Southern District Id. No. 1073749
dcampbell@808west.com
**EDEN RAMIREZ, JR.**
Texas Bar No. 24112355
eramirez@808west.com
O'HANLON, DEMERATH, & CASTILLO P.C.
808 West Ave.
Austin, TX 78701
(512) 494-9949
(956) 318-1955 (Fax).
    and
426 W. Caffery
Pharr, Texas 78577
(956) 318-0555
(956) 318-1955 (Fax)
**Attorneys for Defendant Military Highway**
**Water Supply Corporation**

**DOUGLAS STEVEN BIRD**
State Bar No. 02331330
Southern Admission No. 3438883
**LORI GRUVER**
State Bar No. 24007283
Southern Admission No. 22963
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
P.O. Box 17428
Austin, Texas 78760
(512) 447-6675 (Telephone)
(512) 693-0728 (Facsimile)
Steve.Bird@lgbs.com
LoriG@lgbs.com
**Attorneys-in-Charge for Defendant Pablo "Paul"**
**Villarreal, Jr., Hidalgo County Tax Assessor-**
**Collector and Claimants Hidalgo County, Texas,**
**Hidalgo County Drainage District No. 1,**
**Valley View Independent School District,**
**South Texas Independent School District,**
**and South Texas College**

| FOR DEFENDANTS/CLAIMANTS: | FOR PLAINTIFF: |
|---|---|
| | JENNIFER B. LOWERY<br>Acting United States Attorney<br>Southern District of Texas |

s/Vilma Judith Aguilar, *with permission*
**Vilma Judith Aguilar**
Pharr, Texas 78577
**Attorney-in-Fact for**
**Jose Arnoldo Aguilar,**
**Landowner Defendant**

s/Zev Kusin, *with permission*
**Luke Ellis**
Texas Bar No. 24038878
Southern District Id. No. 612594
lellis@mehlaw.com
**Zev Kusin**
Texas Bar No. 24070096
Southern District Id. No. 1636769
zkusin@mehlaw.com
MARRS ELLIS & HODGE LLP
805 West 10th Street, Suite 400
Austin, Texas 78701
512-215-4078
512-628-7169 fax
**Attorneys for Defendant Hidalgo County**
**Irrigation District No. 2**

s/David Jay Campbell, *with permission*
**David Jay Campbell**
Attorney-in-Charge
Texas Bar No. 24057033
Southern District Id. No. 1073749
dcampbell@808west.com
**Eden Ramirez, Jr.**
Texas Bar No. 24112355
eramirez@808west.com
O'HANLON, DEMERATH, & CASTILLO P.C.
808 West Ave.
Austin, TX 78701
(512) 494-9949
(956) 318-1955 (Fax)

*s/Baltazar Salazar*
**Baltazar Salazar**
Assistant United States Attorney
Attorney-in-Charge
S.D. Tex. ID. No. 3135288
Texas Bar No. 24106385
**UNITED STATES ATTORNEY'S OFFICE**
**SOUTHERN DISTRICT OF TEXAS**
600 E. Harrison St., Suite 201
Brownsville, Texas 78520
Telephone: (956) 983-5067
Facsimile: (956) 548-2775
Email: Baltazar.Salazar@usdoj.gov

and
426 W. Caffery
Pharr, Texas 78577
(956) 318-0555
(956) 318-1955 (Fax)
**Attorneys for Defendant Military Highway Water Supply Corporation**

s/Douglas Steven Bird, *with permission*
**DOUGLAS STEVEN BIRD**
State Bar No. 02331330
Southern Admission No. 3438883
**LORI GRUVER**
State Bar No. 24007283
Southern Admission No. 22963
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
P.O. Box 17428
Austin, Texas 78760
(512) 447-6675 (Telephone)
(512) 693-0728 (Facsimile)
Steve.Bird@lgbs.com
LoriG@lgbs.com
**Attorneys-in-Charge for Defendant Pablo "Paul" Villarreal, Jr., Hidalgo County Tax Assessor-Collector and Claimants Hidalgo County, Texas, Hidalgo County Drainage District No. 1, Valley View Independent School District, South Texas Independent School District, and South Texas College**

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on April 16, 2021, a copy of the foregoing document was served on defendants via CM/ECF email notification, regular mail, or email.

By: *s/Baltazar Salazar*
**Baltazar Salazar**
Assistant United States Attorney