IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff,* <br><br> v. <br><br> 4.318 ACRES OF LAND, MORE OR LESS, SITUATE IN HIDALGO COUNTY, STATE OF TEXAS, JOSE ARNOLDO AGUILAR, *et al.*, <br>     *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 7:20-cv-00388 |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE OF COURT TO MODIFY REMAINING SCHEDULING ORDER DEADLINES**

Pursuant to Federal Rule of Civil Procedure 16(b)(4), the United States of America files this unopposed motion requesting that the Court modify the Scheduling Order and extend all remaining deadlines for sixty (60) days[1] for good cause, as explained below:

**I.        BACKGROUND**

1. On November 30, 2020, the United States commenced this case pursuant to the Declaration of Taking Act (40 U.S.C. § 3114) and Federal Rule of Civil Procedure 71.1, by filing a Complaint in Condemnation[2] and a Declaration of Taking[3] to acquire a fee simple interest in 4.318 acres of land, identified as Tract RGV-WSL-1014 for purposes of the Border Infrastructure Project in Hidalgo County, Texas.[4]

---

[1] The deadlines made the basis of this motion have not passed and, as provided by this Court's order, files this motion for leave of Court to request modification to the scheduling order for good cause. *See* Dkt. No. 21 at 4.
[2] Dkt. No. 1.
[3] Dkt. No. 2.
[4] Schedules "C," "D," & "E," Dkt. Nos. 1-1 at 6-19; 2-1 at 6-14.

2. On December 10, 2020, the United States deposited $6,556.00 into the Court's Registry as its estimated just compensation.[5] Upon this deposit, title to the Tract RGV-WSL-1014 vested in the name of the United States by operation of law.[6]

3. The United States identified four interested parties in this condemnation action: Jose Arnoldo Aguilar ("Aguilar"), Military Highway Water Supply Corporation ("MHWSC"), Pablo "Paul" Villarreal, Jr., Hidalgo County Tax Assessor-Collector,[7] and Hidalgo County Irrigation District No. 2 ("HCID2").[8] As to HCID2, the United States identified this entity as having an interest by virtue of owning a canal and abutting property that bisects the land taken—but, to be clear, the estate taken excludes HCID2's canal and reserves in HCID2 reasonable access "to and from the lands lying between the border barrier and [HCID2's] canal, through opening(s) or gate(s) in the border barrier."[9]

4. On April 21, 2021, the Court entered a scheduling order in this case, which set a deadline for the parties to submit briefs and evidence on title ownership.[10] After this briefing deadline closed, the Court entered an Opinion and Order on June 30, 2021, determining that of the 4.318 acres taken for Tract RGV-1014, HCID2 owned 2.795 acres (64.73%) and Aguilar owned 1.523 acres (35.27%), subject to the Hidalgo County Taxing Authorities' delinquent tax lien for at least $20,113.92.[11] The Court further dismissed the

---

[5] Dkt. No. 6 at 1.
[6] Upon the filing of the Declaration of Taking and depositing the estimated compensation in the Court's Registry, the following events occur by operation of law: "(1) title to the estate or interest specified in the declaration vests in the Government; (2) the land is condemned and taken for the use of the Government; and (3) the right to just compensation for the land vests in the persons entitled to the compensation." 40 U.S.C. § 3114(b).
[7] Pablo "Paul" Villarreal, Jr., Hidalgo County Tax Assessor-Collector and Claimants Hidalgo County, Texas, Hidalgo County Drainage District No. 1, Valley View Independent School District, and South Texas College (collectively, "Taxing Authorities") filed an answer and verified claim in this case for delinquent ad valorem taxes owed on the land taken under account holder, Jose Arnoldo Aguilar.  *See* Dkt. Nos. 9 & 10.
[8] Schedule "G," Dkt. Nos. 1-1 at 23; 2-1 at 23.
[9] Schedule "E," Dkt. Nos. 1-1 at 18; 2-1 at 18.
[10] Dkt. No. 21 at 2.
[11] *Id.* at 6-7.

MHWSC and noted that the April 21, 2021 scheduling order continues to govern this case.[12]

5.　Under the Court's Scheduling Order, the parties' deadline to designate experts and provide expert reports is set **November 5, 2021**, with deadline to designate rebuttal experts and provide expert reports being **December 15, 2021**.[13] The close of discovery is set to take place on **January 5, 2022**.[14]

## II.　LEGAL STANDARD

6.　Rule 16 permits the modification of a Court's scheduling order upon a showing of good cause.[15] "There are four relevant factors to consider when determining whether there is good cause under Rule 16(b)(4): '(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice.'"[16]

## III.　REQUEST FOR LEAVE OF COURT TO MODIFY REMAINING SCHEDULING ORDER DEADLINES

7.　The United States respectfully requests that the Court grant leave of Court and extend all remaining scheduling order deadlines for 60 days.[17] As good cause therefor, the United States articulates the following four reasons.

8.　*First*, the United States seeks this modification because, despite diligent efforts to obtain the services of a qualified appraisal expert, the United States was only

---

[12] *Id.* at 8.
[13] Dkt. No. 21 at 2.
[14] *Id.*
[15] FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").
[16] *Squyres v. Heico Cos., LLC*, 782 F.3d 224, 237 (5th Cir. 2015) (quoting *Meaux Surface Protection Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)) (brackets supplied by citing decision).
[17] The United States notes the issue of just compensation remains unresolved only as to HCID2 as the United States has settled all claims Defendants Jose Arnoldo Aguilar and Hidalgo County Taxing Authorities and is in the process of finalizing settlement documentation for execution by Jose Arnoldo Aguilar and Hidalgo County Taxing Authorities.

recently able to secure an expert, due to the complexity of this case and the unavailability of several appraisers. This case is more complex than the typical case involving a taking from a private landowner because HCID2 is a local governmental entity and the larger parcel at issue could be an entire irrigation district. Moreover, based on initial discussions with appraisers, it is not yet clear whether there is a "market" or history of prior sales for irrigation districts or similar properties such that fair market value is ascertainable.[18]

9.     The United States' efforts to obtain an appraisal expert in this case include the following. Early in this case, the undersigned reached out to appraiser Steve Robinson of Robinson, Duffy, & Barnard, who has experience with border fence appraisals, but he could not commit due to his current workload. Then, based on Mr. Robinson's recommendation, the undersigned spoke with the appraisal firm Kokel-Oberrender-Wood Appraisal, Ltd, but this firm opted to decline all border fence appraisal work in the Rio Grande Valley due to the travel and other costs required. After the Court's Opinion and Order on June 30, 2021, wherein the Court determined that HCID2 had a significant ownership interest, the undersigned consulted with an appraiser. But in August 2021, based on internal discussions with the U.S. Department of Justice's Land Acquisition Section ("DOJ-LAS"), the United States decided not to retain his services due to concerns with his methodologies. In August 2021, the undersigned met with appraisers Justin Bierschwale from Bierschwale Land Company, LLC and John H. Malcom of Professional Appraisal Services, Inc., but both appraisers declined due to their current workloads. In early and mid-September 2021, the

---

[18] *See e.g., United States v. 50 Acres of Land*, 469 U.S. 24, 29 (1984) (noting that cases which justify an "exception to the normal measure of just compensation" involve "properties that are seldom, if ever, sold in the open market.") (internal citations omitted); *United States v. 564.54 Acres of Land*, 441 U.S. 506, 513 (1979) ("The instances in which market value is too difficult to ascertain generally involve property of a type so infrequently traded that we cannot predict whether the prices previously paid, assuming there have been prior sales, would be repeated in a sale of the condemned property. This might be the case, for example, with respect to public facilities such as roads or sewers.") (internal citations omitted).

undersigned met with appraiser Paul Grafe of Valbridge Property Advisors, who also has experience with border fence cases. And while Mr. Grafe stated he could accept this assignment, he could not complete a draft report until December 2021, due to his current workload and the complexity involved in valuing an irrigation district, given the limited market data for sales involving land utilized for the conveyance of water.

10. On September 24, 2021, the undersigned again spoke with Mr. Bierschwale about this case, and he indicated that he now has time to accept this assignment. Given Mr. Bierschwale's experience appraising border fence properties, including a case involving an irrigation district, the United States will retain Mr. Bierschwale for this case. Further, the undersigned has already requested dates to meet with HCID2 representatives and for Mr. Bierschwale to conduct a property inspection of the 2.795 acres taken from HCID2, and inspect the larger parcel for purposes of providing an accurate valuation. The undersigned anticipates that Mr. Bierschwale will have a draft report by the end of November 2021. Moreover, once Mr. Bierschwale completes his report, DOJ-LAS requires three to four weeks to review the appraisal report for quality control purposes.

11. In sum, despite the diligence of the undersigned, the United States could not obtain the services of an appraiser prior to September 24, 2021. Thus, the United States cannot provide a completed appraisal report by the November 5, 2021 deadline and meet the requirement to ascertain just compensation for the land taken from HCID2 via an appraisal report which also accounts for "potential uses" of the land, "current condition and the improvements thereon" and consideration of "the most profitable uses to which the pieces of land can probably be put in the reasonably near future."[19] Accordingly, the United States

---

[19] The Uniform Appraisal Standards for Federal Land Acquisitions, the Appraisal Institute, Section 4.11.3.1. (2016) (citing *Bd. of Cty. Supervisors v. United States* (*Prince William Cty. II*), 116 F.3d 454, 458 (Fed. Cir. 1997).

requests a 60 day-extension to the parties' expert deadlines and discovery deadline for the important and urgent reason that it will allow sufficient time for the United States' expert appraiser to complete his expert report, permit the United States and HCID2 time to depose the experts and interested parties, and either facilitate a reasonable settlement or help prepare this case for trial.

12. *Second*, this is the first modification of the scheduling order in this case sought by any party.

13. *Third*, Defendants will not be prejudiced by the modification of the scheduling order at this still-early stage of the litigation, especially given that Defendants will also be given the same additional time to obtain an appraisal expert and report, if needed. Moreover, no competent appraisal could have started prior to the Court's June 30, 2021 Opinion and Order, which resolved the competing title interests in this case and firmly established HCID's title interest. (As noted, the United States has already reached a just compensation agreement with Aguilar regarding his interest.) Importantly, Defendants are also <u>unopposed</u> to this modification.

14. *Fourth and finally*, this modification is sought in good faith and not for purposes of delay.

## PRAYER

15. Plaintiff United States respectfully requests that the Court find that the United States has articulated good cause for this motion, and order that the remaining scheduling order deadlines are reset for sixty (60) days.

Respectfully submitted,

**JENNIFER B. LOWERY**
Acting United States Attorney
Southern District of Texas

By: *s/Baltazar Salazar*
**Baltazar Salazar**
Assistant United States Attorney
Attorney-in-Charge for Plaintiff
S.D. Tex. ID No. 3135288
Texas Bar No. 24106385
**UNITED STATES ATTORNEY'S OFFICE**
**SOUTHERN DISTRICT OF TEXAS**
600 E. Harrison Street, Suite 201
Brownsville, Texas 78520
Tel: (956) 983-6057
Fax: (956) 548-2775
E-mail: Baltazar.Salazar@usdoj.gov

### CERTIFICATE OF CONFERENCE

On September 27, 2021, the undersigned counsel contacted Zev Kusin, attorney for Hidalgo County Irrigation District No. 2; Steve Bird, attorney for Claimants and Pablo "Paul Villarreal, Jr., Hidalgo County Tax Assessor-Collector; and Vilma C. Aguilar, attorney-in-fact for Jose Arnoldo Aguilar, and all advised that defendants are unopposed to this motion.

By: *s/Baltazar Salazar*
**Baltazar Salazar**
Assistant United States Attorney

### CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on September 28, 2021 a copy of the foregoing document was served on all parties via CM/ECF email notification, regular mail, and/or email correspondence.

By: *s/Baltazar Salazar*
**Baltazar Salazar**
Assistant United States Attorney